UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRUCE THOMAS VEST,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SYMMETRIC LABS, INC., et al.,<br><br>　　　　Defendants. | Case No. 5:19-cv-07446-EJD<br><br>**ORDER DENYING DEFENDANT ALEXANDER GREEN'S MOTION TO STAY**<br><br>Re: Dkt. No. 34 |

Before the Court is Defendant Alexander Green's motion to stay. Having considered the Parties' papers, the Court **DENIES** Defendant's motion to stay.[1]

## I.    BACKGROUND

On November 12, 2019, Plaintiff Bruce Thomas Vest filed a complaint, which alleged that Defendants Alexander Green and Symmetric Labs breached various contracts, fiduciary duties, and engaged in fraud. *See* Complaint, Dkt. 1. On February 13, 2020, Defendant Green requested an extension of time to respond to Plaintiff's Complaint. *See* Dkt. 29. The Court granted this request and ordered Defendant to respond to Plaintiff's Complaint no later than March 31, 2020. *Id.* Subsequently, on April 23, 2020, Defendant Green filed a motion to stay. *See* Motion to Stay ("Mot."), Dkt. 34.

Defendant Green is currently incarcerated at FCI Sheridan in Sheridan, Oregon. *See* Mot. He is proceeding pro se. *Id.* Defendant Green contends that because of the ongoing COVID-19 crisis, he is unable to access the law library and consult with an attorney. *Id.* Additionally, he

---

[1] The Court finds this motion suitable for consideration without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b).

Case No.: 5:19-cv-07446-EJD
ORDER DENYING DEFENDANT ALEXANDER GREEN'S MOTION TO STAY

1

1    argues that his ability to gather documents and proceed with discovery is limited because his
2    friends and associates are too busy to go through the email and text messages that are relevant for
3    this lawsuit. *Id.* Based on these circumstances, Defendant Green argues that the case should be
4    stayed until he is released from prison (which will be in February 2021). Plaintiff objects to
5    Defendant Green's motion to stay. Plaintiff Vest's Opposition to Defendant Alexander Green's
6    Motion to Stay ("Opp."), Dkt. 37.

**II.   DISCUSSION**

A district court's discretion to stay proceedings "'is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Rifenbery v. Organon USA, Inc.*, 2014 WL 296955, at *1 (N.D. Cal. Jan. 26, 2014) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In determining whether a stay is warranted, the district court should consider: (1) potential prejudice to the non-moving party and (2) hardship and equity to the moving party if the action is not stayed. *See Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

Defendant Green argues that his motion to stay should be granted because it would be unduly burdensome for him to have to defend himself in this action. To support his argument, he notes that the law library at FCI Sheridan has been closed and that the prison has limited inmates' ability to communicate with counsel. Plaintiff's counsel reached out to FCI Sheridan officials to confirm the truth of Defendant Green's representations. Counsel was told that inmates can access the law library but must schedule their time in the library to maintain social/physical distancing. *See* Declaration of Nancy L. McCullough ("McCullough Decl."), Ex. A. Counsel was also told that inmates are able to speak with their attorneys and that Defendant Green's counselor, Brian Gould, facilitated Green's access to phone conferences with attorneys. *Id.* ¶ 7; *see also id.* Ex. A. Hence, while it may be more difficult for Defendant Green to access the law library and consult with an attorney, it is not impossible.

On the other hand, staying the case presents a high risk of prejudice to Plaintiff. Plaintiff has attempted to resolve his claims informally and has met with various Symmetric Lab

representatives over a two-year timeframe. *Id.* ¶ 14. The passage of more time presents a risk that essential evidence will be lost. *Id.* ¶¶ 15–16 ("The present unknown status of product assets, documents, records, and other materials belonging to [Symmetric] becomes only more difficult to locate, assess and consider nearly a year from now, particularly given that Defendant Green himself acknowledges his own unfamiliarity with these at present and uncertainty whether he can enlist the assistance of those who have knowledge at present . . . ."). After balancing the Parties' burdens, the Court finds the risk of harm to Plaintiff to be greater and thus **DENIES** Defendant Green's motion to stay. However, due to the ongoing COVID-19 crisis and Defendant Green's pro se status,[2] the Court extends Defendant Green's answer deadline to **July 23, 2020**.

### III. CONCLUSION

For the foregoing reasons, Defendant Green's motion to stay is **DENIED**. Defendant Green is ordered to file an answer or responsive pleading no later than **July 23, 2020**.

**IT IS SO ORDERED.**

Dated: June 3, 2020

EDWARD J. DAVILA
United States District Judge

---

[2] The Court refers Plaintiff to Kevin Knestrick at the Federal Pro Se Program. Help is provided by appointment or on a drop-in basis. Plaintiff may call (408) 297-1480 or email at kknestrick@asianlawalliance.org.

Case No.: 5:19-cv-07446-EJD
ORDER DENYING DEFENDANT ALEXANDER GREEN'S MOTION TO STAY
3

United States District Court
Northern District of California