ALEXANDER GREEN
FPCAMP SHERIDAN, #19658-111
P.O. Box 6000
SHERIDAN, OR 97873

---

<u>Delivery by Mail</u>

THE HONORABLE EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
280 S. 1st STREET
SAN JOSE, CA



RE: <u>Letter Reply to Plaintiff's Opposition For A Stay</u>
<u>BRUCE VEST v. SYMMETRIC LABS, INC.</u>; #19-CV-07446 (EJD)

DEAR JUDGE DAVILA,

The underlying Defendant/Movant ALEXANDER GREEN in this case, proceeding pro se, ("MOVANT") respectfully submits this Letter Reply to Plaintiff's Opposition Response to the pending Motion to Stay. This Reply is submitted in good faith and under the penalties of perjury pursuant to 28 U.S.C. § 1746. Kindly accept the Movant's apology for this rather crude hand-written Reply --- as the Bureau of Prisons ("BOP") current Covid-19 virus lock-down / quarantine does not allow any access whatsoever to a typewriter.

## PRELIMINARY STATEMENT

The Movant respectfully observes that because of this devastating Covid-19 virus the entire United States is essentially 'stayed' and held in abeyance. Moreover, even before the pandemic prompted lockdowns and various additional restrictions nationwide and in BOP

facilities, the Movant lacked access to documents and e-mails that are critically needed in discovery. The Movant and Plaintiff communicated extensively over Slack, text message, and e-mail. All of these mediums contain critically relevant and material information/evidence for this lawsuit, and Movant has access to none of it from prison.

## ARGUMENT

### A. Prejudice To Movant If A Stay Is Denied.

Rather than a "conveniently-timed attempt" to stay the case, this Reply follows Movant's good faith, weeks-long attempt to prepare a draft response to Plaintiff's initial complaint. Efforts to complete this draft were frustrated both by the general conditions of prison and the specifics of the Covid-19 pandemic, which have restricted Movant's access to legal material and legal guidance far more than the Plaintiff represents. Moreover, even if Movant submitted a generic Answer, it would be severely lacking because he can not properly engage in the discovery process while lacking access to thousands of electronically stored messages that are material to the defense of this case. Movant Green cannot access the internet, cannot access past e-mails, text messages and Slack messages to-and-from the Plaintiff -- and cannot compel anyone else to review and produce those messages. As a result, Movant has none of the required information to rebut the false assertions in the Plaintiff's complaint. Indeed, the few individuals who took over some management functions temporarily after Movant's incarceration (as noted by Plaintiff) no longer remain at the company today. Even if they were, Movant has no means to compel anyone to review and produce thousands of messages. There is simply no one able, nor willing to assist Movant with the collection and review of the electronic information relevant to Movant's defense of this case.

### 1. Discovery Based Electronic Data Will Sustain Movant's Defense.

In particular, the noted electronic messages [ now unavailable and inaccessible to the Movant ] will demonstrate that the reason no agreement was reached between the parties was that Plaintiff sought the benefit of a contract without it's obligations. The Plaintiff suddenly left the company, with no warning and no contract -- after promising investors that he would run the company in the event that the Movant was incarcerated. The messages therefore make clear that the lack of a contract was due solely to Plaintiff's own refusal to sign a contract and accept it's obligations; and Plaintiff's failure to propose an alternative, nor even to suggest edits to the contract he refused to sign. In short, the messages will directly contradict Plaintiff's assertions in the complaint, and are thus necessary for the defense of this case.

### 2. Covid-19 Lockdown Restrictions.

Further compounding Movant's inability to prepare a defense are the restrictions imposed by the pandemic. For example, as noted supra, there is absolutely no access to the Library typewriter. With regard to the other restrictions at Sheridan Camp, the BOP officials' statements are simply inaccurate and/or taken out of context. Upon receiving the Opposition to the Motion to Stay, and noting BOP's Pedraza claims to Plaintiff's counsel -- Movant filed an electronic request to staff immediately requesting access to the Library. That request, as of today 5/30, has not been responded to. The Library is still closed, except for extremely limited access for a few minutes a couple of times per week. The allegation of an "open" library for the past months is based on access for 5-minutes at a time, only to print BOP-based data and/or to copy documents. According to the Library inmate clerk, he stated that: 1) he knows nothing about more access; 2) his boss has been out for weeks; and 3) he does not know when the boss will return. In sum, the Movant has

no means by which to compel the BOP to change their Covid-19 restrictions, nor to get more library access --- And that any further litigation against the staff could result in some form of BOP retaliation.

### a) No Attorney, Nor Legal Calls.

According to the BOP spokesperson, and their website; the BOP has been seriously under-staffed for several years --- even before this Covid-19 viral nightmare. Additionally, even at full strength, requests for attorney calls take weeks, if not over a month, to process. And they are not always granted. Moreover, Sheridan Camp guidelines require an "imminent court date" (and) an explanation for why (monitored) e-mail is not sufficient; and/or using monitored regular phone calls. Even at full-staff and unstressed the BOP criteria and protocols for attorney calls is subjective and opaque --- And now with Covid-19 problems, the BOP has essentially terminated any non-emergency legal calls. Consequently, Movant Green is unable to get any un-monitored legal counsel at this time.

### B. No Prejudice To Plaintiff In Granting Stay.

In contrast to the prejudice Movant will suffer attempting to get all the discovery and having to defend this case under the current conditions, Plaintiff will suffer very little to no prejudice from a stay. The Plaintiff waited years to bring this action, and having sat on the alleged claims for years --- cannot now credibly claim urgency. Any alleged or potential deterioration of memories or information in the coming months would be very minimal after years-long delay. Furthermore, the 'memories' and 'information' relevant to this case have been recorded within the discovery based electronic messages the Movant seeks, for all to see.

Additionally and contrary to Plaintiff's assertions in opposing the stay, his delay in bringing suit is not attributable to years-long, good faith attempts at resolution. In fact, Plaintiff exhausted the patience of one attorney after another in the past years. Each of these attorneys initially believed that the Plaintiff was earnest about settlement, and that a resolution could be achieved. Yet after countless hours on the phone with the Plaintiff and counsel, with their constantly changing, unreasonable, and escalating demands --- no progress was made, and each attorney withdrew from further discussions.

Indeed, by waiting nearly three years AFTER quitting the job at Symmetry Labs to file this suit, Plaintiff cannot credibly claim any real prejudice over a delay of several months during a pandemic and while Movant is incarcerated. Movant repeatedly tried to contact the Plaintiff directly after he left the company in order to resolve any disagreements, but Plaintiff refused to speak with Movant without an attorney. This required Movant to needlessly waste time and involve lawyers in an honest effort to resolve Plaintiff's erratic and unrealistic demands. Whereupon, all of these attorneys concluded that continued negotiation would be fruitless.

## CONCLUSION

The Movant respectfully contends that the balance of equities weighs in favor of granting a stay. Movant and Plaintiff worked together informally for a few months in 2012, and at Symmetry Labs between 2015 and 2016. They have not spoken (without lawyers) since 2016. Given that nearly four years have already elapsed, any further alleged loss of memories or records is minimal as compared with the per se prejudice in Movant's inability to access relevant materials to properly litigate this case. Once released, Movant can access a computer with past e-mails, use the internet, speak with relevant parties,

AND MEET WITH COUNSEL. FURTHERMORE, IT BEHOOVES THIS HONORABLE COURT AND THE AMERICAN JUSTICE SYSTEM TO MAKE A FULLY INFORMED DECISION BASED ON THE MATERIAL FACTS AND EVIDENCE RELEVANT TO THIS CASE --- FACTS AND EVIDENCE AVAILABLE ONLY AFTER MOVANT IS SOON RELEASED FROM PRISON, AND ABLE TO PRODUCE THE ELECTRONIC MESSAGES. IN THE INTERESTS OF JUSTICE, MOVANT RESPECTFULLY REITERATES THE REQUEST FOR A STAY IN THIS CASE UNTIL RELEASED FROM PRISON. THIS WILL BE NO LATER THAN FEBRUARY 2021, AND IN FACT MAY BE EARLIER DUE TO IMPLEMENTATION OF THE FIRST STEP ACT AND ACCELERATED RELEASES TO HOME-CONFINEMENT UNDER THE RECENT CARES ACT, AND U.S. ATTORNEY GENERAL BARR'S MEMORANDUMS TO THE BOP.

Respectfully submitted,

ALEXANDER GREEN

cc: AUSA, N.D.CA

Alexander Green
19658-111
FCI Sheridan
PO Box 6000
Sheridan, OR 97873





Honorable Judge Davila
United States District Court
280 S. 1st St
San Jose, CA 95113



Portland P&DC 97218
FRI 05 JUN 2020 PM

FEDERAL CORRECTIONAL INSTITUTION
27072 BALLSTON RD
P.O. BOX
SHERIDAN, OR 97378-2001

DATE: 06-05-20

"SPECIAL MAIL"

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosed to the above address.

